UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| COUNTRY INNS & SUITES BY CARLSON, INC., a Minnesota corporation, | ) ) ) ) | CASE NO. 13-CV-01354 (SRN/JJG) |
| Plaintiff, | ) ) ) | **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR ENTRY OF DEFAULT JUDGMENT AND AWARD OF ATTORNEYS' FEES AND COSTS** |
| vs. | ) ) ) | |
| LARRY WRIGHT, a Florida resident, | ) ) | |
| Defendant. | ) | |

_____

The above-entitled matter came on before the Court upon Plaintiff Country Inns & Suites By Carlson, Inc.'s ("Country") motion for entry of default judgment against Defendant Larry Wright ("Defendant") and request for an award of attorneys' fees and costs under Rule 55 of the Federal Rules of Civil Procedure [Doc. No. 10]. The Court, having carefully reviewed Country's motion and all of the files, pleadings and proceedings herein, makes the following findings of fact, conclusions of law and order for judgment:

## FINDINGS OF FACT

**A.     Parties**

1.     Country is a corporation organized under the laws of the state of Minnesota with its principal place of business located at 701 Carlson Parkway, Minnetonka, Minnesota.

2.      Country is the franchisor of the Country Inn & Suites By Carlson® hotel system.  Country Inn & Suites By Carlson® System Hotels ("Country Inn & Suites System Hotels") operate under license agreements with Country.

3.      Defendant Larry Wright is a citizen of the state of Florida with a last known address of 4276 Wild Boar Run, Niceville, FL 32578.

**B.      The COUNTRY INN & SUITES BY CARLSON® License Agreement**

4.      Country and Defendant entered into a License Agreement with an effective date of June 30, 2008 ("License Agreement") granting Defendant the non-exclusive right to construct and operate a Country Inn & Suites By Carlson® guest lodging facility located at 1130 Joaneen Drive, Saraland, Alabama  36571 (the "Hotel") for a period of 20 years.

**C.      Defendant's Breach of the License Agreement and Subsequent Termination**

5.      By letter dated July 20, 2010, Country issued Defendant a Notice of Monetary Default ("Notice of Default") based upon Defendant's failure to pay all of the required Royalty Fees, Marketing Fees and Reservation Fees due and owing under the License Agreement.

6.      Pursuant to the Notice of Default, and in accordance with Article 17.2(a) of the License Agreement, Defendant was given until August 2, 2010, to cure his default by paying the amount of $45,624.90 (the "Original Monetary Default").  Defendant was further advised that if such payment was not made by August 2, 2010, Country may exercise its right to terminate the License Agreement.

7. After granting Defendant an extension of time to cure the original monetary default, Country issued Defendant a Notice of Termination letter dated November 17, 2010, due to Defendant's failure to cure the Original Monetary Default and pay all amounts due under the License Agreement. Pursuant to the Notice of Termination, Defendant was advised that the License Agreement would be terminated effective at 11:59 P.M. on December 2, 2010.

8. By letter dated December 13, 2010, Country again extended the time in which Defendant had to cure the Original Monetary Default to January 13, 2011, and extended the termination date to January 18, 2011.

9. Over the next 18 months—and at the request of Defendant—Country granted Defendant numerous other extensions of time to cure the Original Monetary Default, granted Defendant numerous other extensions of the termination date, issued new monetary defaults to Defendant and granted Defendant numerous extensions of time to cure the new monetary defaults.

10. Ultimately, by letter dated June 21, 2012, Defendant was granted a final extension until June 27, 2012, to cure his monetary defaults. Defendant was further advised, as part of the June 21, 2012 letter, that if the monetary defaults were not cured by June 27, 2012, the License Agreement would be terminated effective at 11:59 P.M. on July 3, 2012.

11. Defendant failed to cure the monetary defaults by June 27, 2012. Accordingly, the License Agreement was terminated on July 3, 2012.

12. After the termination of the License Agreement, Defendant has failed to pay all amounts due and owing to Country under the License Agreement.

13. Defendant remains indebted to Country in the total amount of $86,077.15 for past due fees as a result of Defendant's breach of the License Agreement.

14. Country has voluntarily withdrawn its claim for liquidated damages in the amount of $136,165.56.

**D.   Defendant Has Failed to Answer or Otherwise Respond to the Complaint**

15. Country commenced this action by filing its Complaint on June 5, 2013. (Compl. [Doc. No. 2].)

16. Country personally served Defendant with the Summons and Complaint on August 15, 2013, in accordance with the applicable Federal Rules of Civil Procedure. (Executed Summons [Doc. No. 6].)

17. The time allowed by law, as provided for under the Federal Rules of Civil Procedure, for Defendant to answer the Complaint in this action has elapsed, and no answer or other pleading has been received by or served upon Country or its attorneys.

18. Defendant is in default.

19. The Clerk of Court entered a default against Defendant on September 26, 2013. (Entry of Default [Doc. No. 9].)

20. Defendant was not at the time of the commencement of this action, or for three months prior thereto, in the military service of the United States. Defendant is over the age of 18.

21. Since serving Defendant with the Summons and Complaint, Country has attempted to contact Defendant by telephone at Defendant's last known telephone number. The telephone number was disconnected and Country was not able to reach Defendant by telephone.

22. Defendant has not made an appearance in this case.

23. Country properly provided Defendant with Notice of the February 7, 2014, Motion for Default Judgment hearing and properly served Defendant with all pleadings in support of its Motion for Default Judgment. Specifically, Country served Defendant by mailing the pleadings to Defendant's three last known addresses and by emailing all such pleadings to Defendant's last known email address. *See Motown Record Co., LP v. Murray*, 2007 U.S. Dist. LEXIS 37263, *2-3 (W.D. La. May 21, 2007) (holding that plaintiff provides sufficient notice of an application for default judgment for purposes of Fed. R. Civ. P. 55(b)(2) by mailing a copy of the pleading to a defendant's last known address). In addition, on January 16, 2014, Country personally served Defendant with all of the pleadings in support of its Motion for Default Judgment. (Aff. of Service [Doc. No. 25].) In any event, even assuming that Defendant was not provided with actual notice of Country's Motion for Default Judgment hearing – which he was – Defendant is nevertheless not entitled to such notice because he has not made an appearance in the case. *Trs. of the St. Paul Elec. Constr. Indus. Fringe Benefit Funds v. Martens Elec. Co.*, 485 F. Supp.2d 1063, 1065-67 (D. Minn. 2007) ("If the defendant does not make an appearance, the plaintiff is not required to serve any papers on him after serving the summons and complaint …"); *see also Arango v. Guzman Travel Advisors,* 761 F.2d

1527, 1531 (11th Cir. 1985) ("The Federal Rules do not even require that parties who default for failure to appear receive notice of the default judgment.")

**E.     Country is Entitled to Its Attorneys' Fees and Costs**

24.     Pursuant to Article 25.13 of the License Agreement Defendant is required to pay Country its reasonable attorneys' fees and costs incurred in enforcing the provisions of the License Agreement.

25.     The attorneys' fees and costs billed in this matter by the Gray Plant Mooty law firm are reasonable and comparable to the rates charged by law firms of similar size and stature in the Minneapolis area for attorneys with similar levels of experience.  The rates that GPM charged to Country are also less than, or the same as, those charged by other attorneys around the United States who practice nationally in the area of franchise law.

26.     The Court has reviewed the original time records submitted by the law firm of Gray Plant Mooty in this matter and has determined that the work performed was for the benefit of Country and necessary for the proper representation of the Country.

27.     Country is entitled to an award of attorneys' fees and costs in the amount of $8,411.16.

## CONCLUSIONS OF LAW

1.     Defendant has failed to answer or otherwise respond to the Complaint in accordance with the Federal Rules of Civil Procedure and has made no appearance in this case.

2.      Defendant is, therefore, in default.

3.      Country is entitled to an award of the attorneys' fees and costs that has incurred in this matter.

4.      Country is entitled to judgment against Defendant in the total amount of $94,488.31, exclusive of interest.

## ORDER FOR JUDGMENT

1.      Plaintiff's Motion for Default Judgment as to Defendant Larry Wright and for Attorney's Fees [Doc. No. 10] is **GRANTED**; and

2.      Country is entitled to judgment against Defendant in the total amount of $94,488.31, exclusive of interest.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: February 7, 2014.                      BY THE COURT:

                                              s/Susan Richard Nelson
                                              Susan Richard Nelson
                                              Judge of United States District Court